UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PARHAM POINTE NORTH, LLC a/k/a ) <br> PARHAM POINTE SOUTH, LLC; ) <br> BALLARD REALTY COMPANY, INC.; ) <br> K. WAYNE RICE & ASSOCIATES, INC.; ) <br> BENNY OHAZURIKE; ESTHER OHAZURIKE; ) <br> and D.O., A Minor, by and through BENNY ) <br> AND ESTHER OHAZURIKE, his next friends. ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 3:10cv479 TSL-FKB <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br> (JURY TRIAL DEMANDED) |

NOW COMES Plaintiff, FIRST MERCURY INSURANCE COMPANY ("First Mercury"), pursuant to 28 U.S.C. § 2001(a), Rule 57 of the Federal Rules of Civil Procedure, and other applicable authorities, and files this Complaint for Declaratory Relief against Defendants, PARHAM POINTE NORTH, LLC a/k/a PARHAM POINTE SOUTH, LLC; BALLARD REALTY COMPANY, INC.; K. WAYNE RICE & ASSOCIATES; BENNY OHAZURIKE; ESTHER OHAZURIKE; and D.O., a minor, by and through Benny and Esther Ohazurike, his next friends, and, in support thereof, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, First Mercury, is an insurance company incorporated under the laws of the State of Illinois and has its principal place of business in Southfield, Michigan. First Mercury issued a commercial general liability policy to Parham Pointe South LLC; Parham Pointe North LLC bearing policy number FMMA001279, effective 7/27/2007 to 7/27/2008, which was

1

cancelled and rewritten as policy number FMMA001442, effective 10/01/2007 to 10/01/2008 ("First Mercury policy"). A copy of the First Mercury policy is attached hereto as **Exhibit A.**

2. Defendant, Parham Pointe North, LLC a/k/a Parham Pointe South, LLC, ("Parham") is a Mississippi corporation in good standing that may be served with process through CT Corporation Systems, its registered agent for service of process at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Parham is the named insured to the First Mercury policy.

3. Defendant Ballard Realty Company, Inc. ("Ballard") is a foreign corporation in good standing that may be served with process by serving CT Corporation Systems, its registered agent for service of process at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or at its principal place of business located at 5950 Carmichael Place, Montgomery, Alabama 36117. Ballard is an additional insured by named endorsement to the First Mercury policy.

4. Defendant K. Wayne Rice & Associates, Inc. ("K. Wayne Rice") is a foreign corporation in good standing that may be served with process by serving CT Corporation Services, its registered agent for service of process at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232 or at its principle place of business located at 3160 Crow Canyon Place, Suite 235, San Ramon, CA 94583. Because a money judgment has been entered against K. Wayne Rice, it is an interested party herein pursuant to Federal Rule of Civil Procedure 20(a).

5. Defendant Benny Ohazurike is an individual residing in Mississippi who filed a lawsuit and obtained a money judgment against Parham, Ballard and K. Wayne Rice and is, therefore, a necessary party defendant herein under Federal Rule of Civil Procedure 19(a). Benny Ohazurike may be served with process of this Court by serving him at his usual place of residence or by serving his counsel, J. Ashley Ogden, Esq., 500 E. Capitol Street, Suite 3, Jackson, MS 39201.

6. Defendant Esther Ohazurike is an individual residing in Mississippi who filed a lawsuit and obtained a money judgment against Parham, Ballard and K. Wayne Rice and is therefore, a necessary party defendant herein under Federal Rule of Civil Procedure 19(a). Esther Ohazurike may be served with process of this Court by serving her at her usual residence address, or by serving her counsel, J. Ashley Ogden, Esq., 500 E. Capitol Street, Suite 3, Jackson, MS 39201.

7. Defendant D.O. is a minor child residing with his parents Benny and Esther Oharzurike in the State of Mississippi who filed a lawsuit and obtained a money judgment against Parham, Ballard and K. Wayne Rice and is therefore a necessary party defendant herein under Federal Rule of Civil Procedure 19(a). D.O., a minor, may be served with process of this Court by serving his parents, Benny and Esther Ohazurike, at their usual residence, or by serving his counsel, J. Ashley Ogden, Esq., 500 E. Capitol Street, Suite 3, Jackson, MS 39201.

8. Benny Ohazurike, Esther Ohazurike and D.O. (" the Ohazurikes") filed and maintained a civil action against Parham, Ballard, K. Wayne Rice and other parties in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Civil Cause No. 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 ("Underlying Action").  On or about July 29, 2010, the Ohazurikes obtained a money judgment by jury verdict against Parham, Ballard and K. Wayne Rice.  A copy of the Judgment by Verdict is attached hereto as **Exhibit B.**

9. This Court has jurisdiction over the subject matter of this action as there is complete diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

10. The party Defendants are proper parties pursuant to the Federal Rules of Civil Procedure as they all have a real or potential interest in the outcome of the claims of First Mercury as stated herein.

11. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391(a) (2) because this is a civil action wherein jurisdiction is founded only on diversity of citizenship and the incident giving rise to the claims in the Underlying Action occurred in whole or in part in Hinds County, Mississippi, which is situated in this district, and coverage and indemnity have been sought under the First Mercury insurance policy for damages alleged to have occurred in this district.

12. A genuine, actual and justiciable controversy exists between First Mercury and Defendants because a judgment has been entered against Parham, Ballard and K. Wayne Rice in the Underlying Action and the parties dispute whether First Mercury is obligated to provide insurance coverage and indemnity for that judgment pursuant to the First Mercury policy.

**NATURE OF ACTION**

13. First Mercury seeks a declaration of the parties' rights and obligations under the First Mercury policy with respect to the Underlying Action and the judgment that the Oharzurikes obtained against Parham, Ballard and K. Wayne Rice.

**FIRST MERCURY POLICY**

14. First Mercury issued a commercial general liability policy to Parham Pointe South LLC; Parham Pointe North LLC bearing policy number FMMA001279, effective 7/27/2007 to 7/27/2008, which was cancelled and rewritten as policy number FMMA001442, effective 10/01/2007 to 10/01/2008.

15. The First Mercury policy's insuring agreement is set forth in Commercial General Liability Form CG 00 01 (07/98). The First Mercury policy's insuring agreement was amended by Endorsement Number CG 00 57 (09/99) titled Amendment of Insuring Agreement – Known Injury or Damage which provides in part:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**
> **AMENDMENT OF INSURING AGREEMENT – KNOWN INJURY OR DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)

Paragraph 1. Insuring Agreement of Section I –
**COVERAGE A – Bodily Injury And Property Damage Liability** is replaced by the following:

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   \*   \*   \*

   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
      (2) The "bodily injury" or "property damage" occurs during the policy period.
      (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" had occurred, then any continuation, change or resumption of such "bodily injury" or

5

"property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
   (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\* \* \*

16. The First Mercury policy contains Endorsement Number CVX-GL-5066(05/2004) titled Continuous Or Progressive Injury And Damage Exclusion which provides in part:

   **CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION**

   This endorsement modifies insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

   This insurance does not , but we must find a doctor in the Hattiesburg area apply to any damages because of or related to bodily injury or property damage:

6

1.  which first existed, or is alleged to have first existed prior to the inception date of this policy, or
2.  which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged bodily injury or property damage continues during this policy period.
3.  which were caused, or are alleged to have been caused, by the same condition or construction defect which resulted in bodily injury or property damage which first existed prior to the inception date of this policy.

We shall have no duty to defend any insured against any loss, claim, suit or other proceeding alleging damages arising out of or related to bodily injury or property damage to which this endorsement applies.

17. The First Mercury policy contains Endorsement Number CVX-GL-1001A(09/2002) titled Exclusion – Mold, Fungi or Bacteria which provides in part:

**EXCLUSION – MOLD, FUNGI OR BACTERIA**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART
MEDICAL OR X-RAY LABORATORIES PROFESSIONAL LIABILITY COVERAGE PART
PUBLIC OFFICIALS LIABILITY COVERAGE PART
LAW ENFORCEMENT LIABILITY COVERAGE**

Notwithstanding anything to the contrary contained in the policy or any endorsement attached thereto, this insurance does not apply to and shall not respond to any claim, demand or "suit" alleging:

1.  "Bodily injury," "Property damage" or "Personal and Advertising Injury" arising out of, in whole or in part, the actual, alleged or threatened discharge, inhalation, ingestion, dispersal, seepage, migration, release, escape or existence of any mold, mildew, bacterial or fungus, or any materials containing them, at any time.

\* \* \*

7

This exclusion applies to:

1. Our obligation to contribute to, share damages with, repay or indemnify someone else who must pay damages because of the "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" or pay any loss, cost or expense noted in paragraphs 2a. and 2b., above.

It is the intent of this endorsement to exclude from this insurance any claim, demand or "suit" as described above. Therefore, there shall be no duty or obligation on the part of the Company under this insurance to respond to, investigate or defend anyone, including but not limited to any insured, its agents, servants or "employees" or any third parties for any such claim, demand or "suit."

\* \* \*

18. The First Mercury policy's Commercial General Liability Form contains the following exclusion to coverage:

    2. **Exclusions**

       This insurance does not apply to:

       a. **Expected Or Intended Injury**

          "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

19. The First Mercury policy designates Parham Pointe South LLC and Parham Pointe North LLC as the named insureds to the First Mercury policy in the declaration page. The First Mercury policy's Commercial General Liability Form defines "insured" in the "Who Is An Insured" Provision which provides in part:

    **SECTION II – WHO IS AN INSURED**

    1. If you are designated in the Declarations as:
       \* \* \*
       c. A limited liability company, you are an insured. Your members are also insureds, but only with

8

> respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>
> \* \* \*
>
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**UNDERLYING ACTION**

20. On or about December 11, 2007, the Ohazurikes filed a complaint in the Underlying Action against Parham, Ballard and K. Wayne Rice, among others, in the Circuit Court of Hinds County, Mississippi. A copy of the complaint is attached hereto as **Exhibit C.**

21. The complaint alleged that the Ohazurikes were residents of the Parham Pointe Apartments and asserted the following causes of action against the defendants: Count I – Racial Discrimination and Property and Bodily Injury; Count II – Fraud and Misrepresentation; Count III – Assault; Count IV – Civil Conspiracy, Abuse of Process, Malicious Prosecution; Count V – Defamation and Slander; Count VI – Negligent and Intentional Infliction of Emotional Distress; Count VII – Negligent Hiring; Count VIII – Breach of Implied Covenant of Good Faith and Fair Dealing; and Count IX – Breach of Warranty of Habitability. In addition, the complaint sought punitive damages.

22. Through Colonial Insurance Company, Parham tendered the defense of the complaint to First Mercury. Through reservation of rights correspondence dated January 18, 2008 and March 6, 2008, First Mercury agreed to defend Parham pursuant to a full reservation of its rights, including its right to deny coverage, withdraw from the defense and/or seek declaratory relief. In the March 6, 2008 correspondence, First Mercury also advised Parham of its right to independent counsel because the majority of the claims alleged in the complaint asserted claims and causes of action that were not covered by the First Mercury policy.

23. Ballard tendered its defense to First Mercury as an additional insured to the First Mercury policy. Through reservation of rights correspondence dated March 6, 2008, First Mercury agreed to defend Ballard pursuant to a full reservation of its rights. In the March 6, 2008 correspondence, First Mercury agreed to defend Ballard pursuant to a full reservation of its rights, including its right to deny coverage, withdraw from the defense and/or seek declaratory relief. First Mercury advised Ballard of its right to independent counsel because the majority of the claims alleged in the complaint asserted claims and causes of action that were not covered by the First Mercury policy.

24. K. Wayne Rice never tendered its defense to First Mercury. In addition, K. Wayne Rice is not an insured to the First Mercury policy.

25. The Underlying Action was removed to federal court to the United States District Court for the Southern District of Mississippi, Jackson Division.

26. On or about March 13, 2008, the Ohazurikes filed an amended complaint against Parham, Ballard, K. Wayne Rice, and other parties. The amended complaint alleged that the Ohazurikes were residents of the Parham Pointe Apartments and asserted the following causes of action against the defendants: Count I – Property and Bodily Injury; Count II – 42 U.S.C. § 1981 and 1983; Count III – Fraud and Misrepresentation; Count IV – Assault; Count V – Civil Conspiracy, Abuse of Process, Malicious Prosecution; Count VI – Defamation and Slander; Count VII – Negligent and Intentional Infliction of Emotional Distress; Count VIII – Negligent Hiring; Count IX – Negligence; Count X – Breach of Implied Covenant of Good Faith and Fair Dealing; Count XI – Breach of Warranty of Habitability; and Count XII – Punitive Damages. A copy of the amended complaint that was filed March 13, 2008 is attached hereto as **Exhibit D**.

27. On or about May 12, 2009, the Ohazurikes filed an amended complaint against Parham, Ballard, and K. Wayne Rice. The amended complaint alleged that on or about May 2007, the Ohazurikes lived as residents in the Parham Pointe Apartments, and that they notified

the Parham, Ballard and K. Wayne Rice of an improperly maintained apartment and a leaky toilet in their apartment on and before May to June 2007. Further, the Ohazurikes alleged that Parham, Ballard and K. Wayne Rice negligently failed to repair the leaky toilet. The Ohazurikes alleged a negligence cause of action against Parham, Ballard and K. Wayne Rice and they sought damages for past pain, suffering and mental anguish, accrued medical expenses, lost earnings, permanent disability and impairment, and other damages. A copy of the amended complaint that was filed May 12, 2009 is attached hereto as **Exhibit E.**

28. The Underlying Action was subsequently remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

29. Through correspondence dated July 1, 2010, First Mercury informed Parham that based upon developed facts and the facts alleged in the amended complaint, First Mercury had no duty to indemnify Parham for the damages that the Ohazurikes sought in the Underlying Action because the "bodily injury" and "property damage" did not occur during the First Mercury policy period and also because exclusions to coverage applied. First Mercury agreed to continue to defend Parham during trial pursuant to its reservation of its rights. **EXHIBIT F.**

30. Through correspondence dated July 1, 2010, First Mercury informed Ballard that based upon developed facts and the facts alleged in the amended complaint, First Mercury had no duty to indemnify Ballard for the damages that the Ohazurikes sought in the Underlying Action because the "bodily injury" and "property damage" did not occur during the First Mercury policy period and also because exclusions to coverage applied. First Mercury agreed to continue to defend Ballard during trial pursuant to its reservation of its rights. **EXHIBIT G.**

31. Between July 12, 2010 through July 16, 2010, the Underlying Action was tried before a jury. A jury returned a verdict against Parham, Ballard and K. Wayne Rice. The jury awarded Benny Ohazurike: 1) $2,208.00 for medical bills; 2) $2,000,000 for lost future profits of intellectual property; and 3) $500,000 for pain and suffering (TOTAL: $2,502,208.00). The

jury awarded Esther Ohazurike: 1) $253.00 for medical bills and 2) $500,000 for pain and suffering (TOTAL: $500,253.00). The jury awarded D.O, a minor: 1) $1,251.00 for medical bills; 2) $500,000 for pain and suffering; and 3) $100,000 for permanent disfigurement (TOTAL: $601.251.00). The jury assessed the Ohazurikes total damages to be $3,603,712.00.

32. Through correspondence dated July 30, 2010, First Mercury informed Parham that First Mercury had no duty to indemnify Parham for the judgment but that it would agree to continue to defend Parham during the appeal of the verdict until a court declares that First Mercury owes no duty to defend or indemnify Parham in the Underlying Action.

33. Through correspondence dated July 30, 2010, First Mercury informed Ballard that First Mercury had no duty to indemnify Ballard for the judgment but that it would agree to continue to defend Ballard during the appeal of the verdict until a court declares that First Mercury owes no duty to defend or indemnify Ballard in the Underlying Action.

## CLAIMS FOR DECLARATORY RELIEF

### COUNT I:
### FIRST MERCURY DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY PARHAM OR BALLARD BECAUSE THE "BODILY INJURY" AND "PROPERTY DAMAGE" DID NOT OCCUR DURING THE FIRST MERCURY POLICY PERIOD

34. First Mercury repeats and realleges Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. First Mercury owes a duty to defend or indemnify Parham and Ballard only for "bodily injury" and "property damage" that occurred during the First Mercury policy period, which first incepted on July 27, 2007.

36. Upon information and belief, the Ohazurikes presented evidence at trial that their bodily injury and property damage was a result of a toilet that flooded in their apartment in May 2007, outside the relevant policy period. Upon information and belief, the jury returned

a verdict against Parham and Ballard based upon this evidence and, therefore, no coverage is afforded for the claims or judgment in the Underlying Action.

37.     Based on the judgment entered in the Underlying Action, First Mercury has no obligation and otherwise owes no duty to defend or indemnify Parham and Ballard because the "bodily injury" and "property damage" did not occur during the First Mercury policy period.

## COUNT II:
### FIRST MERCURY DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY PARHAM OR BALLARD FOR ANY "BODILY INJURY" AND "PROPERTY DAMAGE" WHICH CONTINUED, CHANGED OR RESUMED DURING THE FIRST MERCURY POLICY PERIOD

38.     First Mercury repeats and realleges Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     Pursuant to the First Mercury policy, First Mercury does not owe a duty to defend or indemnify Parham or Ballard for "bodily injury" or "property damage" for "bodily injury" or "property damage" which continued, changed or resumed during the First Mercury policy period where an employee that was authorized by Parham or Ballard to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part, prior to the policy's inception on July 27, 2007.

40.     Upon information and belief and based on the evidence presented at trial, employees that were authorized by Parham and Ballard to receive notice of an "occurrence" or claim received notice of the Ohazurike's claim prior to the policy's inception date of July 27, 2007.

41.     Accordingly, the First Mercury policy does not afford coverage to Parham, Ballard, or any other parties, and First Mercury is not obligated and otherwise does not owe a duty to defend or indemnify Parham and Ballard for "bodily injury" or "property damage" which continued, changed or resumed during the First Mercury policy period.

13

### COUNT III:
**FIRST MERCURY DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY PARHAM OR BALLARD FOR ANY "BODILY INJURY" AND "PROPERTY DAMAGE" THAT OCCURRED DURING THE FIRST MERCURY POLICY PERIOD BECAUSE THE "BODILY INJURY" AND "PROPERTY DAMAGE" FIRST EXISTED, WAS IN THE PROCESS OF TAKING PLACE, OR WAS CAUSED BY A CONDITION THAT FIRST EXISTED PRIOR TO THE INCEPTION OF THE FIRST MERCURY POLICY**

42. First Mercury repeats and realleges Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Pursuant to the First Mercury policy, coverage is not afforded and First Mercury does not owe a duty to defend or indemnify Parham or Ballard for "bodily injury" or "property damage" which first existed, was in the process of taking place, or was caused by the same condition which first existed prior to the inception date of the First Mercury policy on July 27, 2007.

44. Upon information and belief, the Ohazurikes presented evidence at trial that their bodily injuries and property damage resulted from a toilet that flooded in their apartment in May 2007, and the jury returned a verdict against Parham and Ballard based upon this evidence.

45. Accordingly, First Mercury is not obligated and does not otherwise owe a duty to defend or indemnify Parham and Ballard because the "bodily injury" and "property damage" first existed, was in the process of taking place, or was caused by the same condition which first existed prior to the inception date of the First Mercury policy on July 27, 2007.

### COUNT IV:
**FIRST MERCURY HAS NO DUTY TO INDEMNIFY PARHAM OR BALLARD FOR DAMAGES THAT AROSE FROM MOLD**

46. First Mercury repeats and realleges Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. The First Mercury policy excludes coverage for "bodily injury" or "property damage" which arose out of the discharge, inhalation, ingestion, dispersal, seepage, migration, release, escape or existence of mold.

48. Upon information and belief, the Ohazurikes presented evidence at trial that some of their injuries arose from exposure to mold.

49. Accordingly, coverage is not afforded under the First Mercury policy for the Ohazurikes' claims and the judgment resulting therefrom, and First Mercury is not obligated and does not otherwise owe any duty to defend or indemnify Parham and Ballard for damages which arose from the Ohazurikes exposure to mold.

## COUNT V:
### FIRST MERCURY DOES NOT OWE A DUTY TO INDEMNIFY PARHAM OR BALLARD FOR "BODILY INJURY" AND "PROPERTY DAMAGE" THAT WAS EXPECTED OR INTENDED

50. First Mercury repeats and realleges Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. The First Mercury policy excludes coverage for "bodily injury" and "property damage" that is expected and intended from the standpoint of the insured.

52. Upon information and belief, the Ohazurikes presented evidence at trial that Parham and Ballard intended or should have expected the alleged "bodily injury" and alleged "property damage."

53. Accordingly, coverage is not afforded under the First Mercury policy for the Ohazurikes' claims and the judgment resulting therefrom, and First Mercury is not obligated and does not otherwise owe a duty to defend or indemnify Parham and Ballard for damages that Parham and Ballard either intended or should have expected to follow.

## COUNT VI:
### FIRST MERCURY IS ENTITLED TO WITHDRAW FROM THE DEFENSE OF PARHAM AND BALLARD IN THE UNDERLYING ACTION AND IS ENTITLED TO REIMBURSEMENT OF DEFENSE COSTS INCURRED AFTER THE VERDICT WAS ENTERED

54. First Mercury repeats and realleges Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. The amended complaint alleged damages which resulted from a leaky toilet and improperly maintained apartment from May to June 2007, which caused the apartment to become flooded.

56. Upon information and belief, the Ohazurikes presented evidence at trial that their bodily injury and property damage was a result of a toilet that flooded in their apartment in May 2007 and the jury returned a verdict against Parham and Ballard based upon this evidence.

57. As set forth hereinabove, the First Mercury policy does not afford coverage for the Ohazurikes' claims and, therefore, First Mercury is not obligated to and does not otherwise owe a continuing duty to defend Parham and Ballard and it is entitled to withdraw from their defense.

58. Because First Mercury does not owe a duty to defend Parham and Ballard, it is entitled to reimbursement of defense costs that it has paid on their behalf subsequent to the entry of the verdict.

## COUNT VII:
### K. WAYNE RICE IS NOT AN INSURED

59. First Mercury repeats and realleges Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. K. Wayne Rice is not an insured under the First Mercury policy and is not otherwise entitled to coverage or any other benefits under the First Mercury policy.

61.   K. Wayne Rice has never tendered its defense to First Mercury.

62.   Accordingly, First Mercury had no obligation to K. Wayne Rice and otherwise owed no duty to defend or indemnify K. Wayne Rice in the Underlying Action and has no duty to defend or indemnify K. Wayne Rice with regard to the pending appeal or with respect to the judgment against him.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FIRST MERCURY INSURANCE COMPANY, respectfully requests that this Honorable Court enter judgment in its favor and against the defendants, and further that this Honorable Court find, declare, and adjudicate that:

a) The First Mercury policy, numbered FMMA001442, does not apply to afford liability coverage or otherwise apply in any way to obligate First Mercury in any manner whatsoever to Parham, Ballard, K. Wayne Rice, Benny Ohazurike, Esther Ohazurike, or D.O., a minor, or any of the Defendants joined in this action;

b) First Mercury is not obligated and does not otherwise owe any duty to indemnify Parham or Ballard for the award of damages entered against Parham and Ballard in the Judgment by Verdict or any subsequent Final Judgment which may be entered;

c) First Mercury is not obligated and does not otherwise owe any duty to continue to defend Parham or Ballard and is entitled to withdraw from its defense of Parham and Ballard in the pending appeal of the Final Judgment;

d) First Mercury is entitled to reimbursement of the defense costs that it expended in the defense of Parham and Ballard during the appeal of the Final Judgment;

e) K. Wayne Rice is not an insured under the First Mercury policy and is, therefore, entitled to no benefits of any kind whatsoever under the policy;

f) Enjoining any and all party Defendants and/or other persons who claim interest from making any claim against the First Mercury policy for payment under any

provisions, regardless of whether such claim is brought in theory of contract, contribution, assignment, or any other legal theory.

In the alternative, First Mercury seeks judgment declaring its rights and/or duties under the insurance contract in issue.

*Wherefore, premises* considered, the Plaintiff, First Mercury Insurance Company, respectfully prays that, after hearing all the things and matters set forth herein, the Court will enter a declaratory judgment as set forth above. The Plaintiff requests such other and further relief as this Court deems just.

Dated: August 27, 2010

Respectfully Submitted By:

_____
STUART B. HARMON (MB: 9553)
GINNY Y. KENNEDY (MB: 102199)
*Attorneys for Plaintiff,*
*First Mercury Insurance Company*

OF COUNSEL:

HEIDELBERG HARMON PLLC
795 Woodlands Parkway, Suite 220
Ridgeland, MS  39157
(601)351-3330 . tel
(601)956-2090 . fax

Catherine Warren
Colleen M. Costello
TRESSLER, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL  60606
(312)627-4011 . tel
(312)627-1716 . fax